[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8016
This is a personal injury lawsuit brought by the plaintiffs, Nancy Woodsworth and her husband. Richard Woodsworth, against the defendants, James S. Viola, Robert T. Mercik, Frank J. Troiano and Anthony Troiano, Jr., for injuries sustained by the plaintiff, Nancy Woodsworth.[1] In the plaintiffs' amended revised complaint, the plaintiff alleges that she was caused to fall in the parking lot of the Enfield Plaza Shopping Center in Enfield, Connecticut due to unknown dangers on the premises about which the defendants, the property owners of record, failed to warn or safeguard her. The husband also makes a claim for loss of consortium claim.
This matter comes before the court on the defendants'[2] motion to compel (#133), filed February 23, 2000, requesting production of the plaintiff's psychiatric treatment and social security disability records. On February 25, 2000, the plaintiff filed a timely objection to the defendants' motion to compel. The court heard oral argument at short calendar on June 6, 2000, and now issues this memorandum of decision.
1. Psychiatric Records
The defendants move the court for an order compelling the plaintiff to produce psychiatric treatment records from Yale University and Dr. Uyehara, about which the plaintiff testified at her November 30, 1999 deposition, on the ground that these records are clearly relevant to the extent of the plaintiff's ability to work and to her pre-existing disabilities which affected her ability to perform her usual activities.[3] In opposition, the plaintiff argues that these records identified by the defendants are privileged communications and/or contain privileged communications, which are protected by statutes, and that the defendants fail to establish an exception to the plaintiff's claim of privilege.
General Statutes § 52-146c provides that communications between psychologist and patient are privileged and are not to be disclosed by the psychologist without consent by the patient.[4] An exception to the consent requirement is found in subsection (c)(2), provided a two-prong test is met. "Consent of the person shall not be required for the disclosure of such person's communications . . . If, in a civil proceeding, a person introduces his psychological condition as an element of his claim . . . and the judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between the person and psychologist be protected. . . ." § 52-146c (c)(2).
Examination of the allegations in the plaintiffs' amended revised CT Page 8017 complaint reveals that the material aspect of the claims made is that following the accident, the plaintiff is unable to work and/or perform her usual activities for a long period of time. As such, this court finds that her psychiatric condition has not been made an element of her claim. Therefore, this court need not examine the second prong of §52-146c (c)(2). Accordingly, this court denies the defendant's request to compel production of the plaintiff's psychiatric records because these records are protected by statute.
2. Social Security Records
The defendants also move the court for an order to compel the plaintiff to produce her social security disability records on the ground that these records are clearly relevant to the extent of the plaintiff's ability to work and to her pre-existing disabilities which affected her ability to perform her usual activities. In opposition, the plaintiff argues that her receipt of social security disability income relates solely to the pre-existing psychiatric medical condition for which the plaintiff is now claiming privilege under § 52-146c. The plaintiff argues that because the receipt of such income is totally unrelated to her cause of action against the defendants, all documentation relative to such income is irrelevant and is not reasonably calculated to lead to discovery of admissible evidence.[5]
Further, the plaintiff argues that she already produced documentary evidence in support of her lost wage and/or earning capacity claim. At oral argument, the defendants acknowledged receipt of some tax returns from the plaintiff, without W-2 forms. The defendants argued that receipt of those returns does not obviate the need for the plaintiff's social security disability records because the plaintiff needed a doctor to represent that the plaintiff was unable to work due to her psychological disorder.
The proper scope of the discovery rules is well known. See Practice Book § 13-2. "Discovery shall be permitted if the disclosure sought would be of assistance in the . . . defense of the action. . . . It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." § 13-2; see also Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134,139, 491 A.2d 389 (1985).
At her deposition on November 30, 1999, the plaintiff stated that she is presently receiving social security disability benefits and that she began receiving those benefits in approximately 1990. She further stated that she had to provide the Social Security administration with her CT Page 8018 medical records to certify her eligibility. In her interrogatory answers and also at oral argument, it was disclosed that at the time of the accident, the plaintiff was unemployed and actively seeking employment. Further, plaintiffs' counsel acknowledged that the plaintiff's damages for lost wages originate in what the plaintiff could have earned as a substitute teacher, had she been hired. Accordingly, this court finds that the production of the plaintiff's social security disability income records are indeed "reasonably calculated to lead to the discovery of admissible evidence"; Practice Book § 13-2; because as previously addressed, the material aspects of the plaintiff's complaint center around her loss of work claim and her inability to perform her usual activities for a long period.
This court hereby orders an in camera review of the plaintiff's social security disability benefits records. Should the plaintiff withdraw these claims as elements of damages, the records need not be disclosed because they would no longer be "reasonably calculated to lead to the discovery of admissible evidence." § 13-2. If the plaintiff is unwilling to disclose these records, this court will entertain a motion to strike the portions of the plaintiffs' amended revised complaint requesting damages relating to the plaintiff's inability to work and/or perform her usual activities for a long period of time.
BY THE COURT
Hon. Andre M. Kocay, J.