[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has brought the instant action against his insurer, United States Fidelity Guaranty Insurance Company, seeking to recover under insured motorist benefits, as a result of an automobile accident occurring on January 16, 1996. The plaintiff now seeks a protective order precluding the defendant from conducting any discovery into his psychological treatment. The plaintiff also seeks to amend his complaint by changing the claim for pain and suffering to pain and discomfort.
General Statutes § 52-146c (b) precludes disclosure of records of a psychologist and a patient unless the patient gives consent. Consent is not required, however, "[i]f, in a civil proceeding, a person introduces his psychological condition as an element of his claim or defense . . . and the judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between the person and psychologist be protected." General Statutes § 52-146c
(c) 2.
In Kelly v. Giguere, 2000 Conn. Super. LEXIS 3462, judicial district of Tolland at Rockville (Dec. 19, 2000) (Sferrazza, J.) and Padgett v.Capitol West Assoc., 8 Conn.L.Rptr. 161, judicial district of Hartford at Hartford (Dec. 30, 1992) (Aurigemma, J.), the court found that the interests of justice required disclosure. This court also finds that as CT Page 1297-ci the psychological condition is at issue, the interests of justice require that the records be disclosed.
The original claim of pain and suffering surely introduces the issue into this case. The attempted amendment of relabeling the claim from pain and suffering to pain and discomfort does not change the outcome. This court is aware of Judge Kocay's ruling in Woodsworth v. Viola,27 Conn. L. Rptr. 466, judicial district of New Britain (June 29, 2000) in which he noted the difference between the two phrases. He noted "that to the extent that the plaintiff's claim of "pain and discomfort' is a claim of `pain and suffering'; they are entitled to explore her prior mental condition. In her amended revised complaint, the plaintiff alleges that she was rendered `sick, sore, lame and disabled and was caused to suffer great pain and discomfort, limitation of movement and restriction of activities.' (Emphasis added.) Plaintiff's Amended Complaint, count one, § 12. This court finds that these allegations, read in context with each other, all describe the physical pain of bodily injuries suffered by the plaintiff and not the pain associated with her mental condition. Also, this court finds that the term `pain and discomfort' has been uniformly applied to describe the effects of a physical condition, not a mental or emotional condition. By contrast, the term "pain and suffering' has been uniformly applied to describe the effects of a mental or emotional condition." Id. fn3.
The plaintiff, however, alleges in both versions of his complaint that "as a further result of the aforesaid collision, the plaintiff has been and will continue to be unable to participate in and enjoy his life's customary activities in the way he did before the collision." Additionally, the plaintiff has alleged that he suffers from both headaches and memory loss. The records may certainly reveal "information . . . reasonably calculated to lead to the discovery of admissible evidence" on these issues. Practice Book, § 13-2. While the plaintiff might argue that the claimed "discomfort" is simply physical discomfort from the injury, it is clear that the psychologist's records may discuss or address the pain and discomfort in a broader or different context not materially different from the traditional notion of "pain and suffering." This court does not believe, as the plaintiff seems to suggest, there is a bright line that easily separates the two categories. The distinction is surely blurred. Indeed, see Thacker v. Ward, 263 N.C. 594,140 S.E.2d 23, 28 (1965); cert. denied 382 U.S. 865, 15 L Ed.2d 104,86 S Ct. 134 reh den 382 U.S. 934, 15 L Ed.2d 347, 86 S. Ct 319, in which that court held: "[F]rom an injury which necessarily causes physical pain the law assumes that the normal person will suffer some mental anguish also. . . . Although it is the better practice in a personal injury action to aver specifically that the plaintiff has suffered mental anguish as a result of his injuries . . . most courts . . . hold that CT Page 1297-cj where a description of the injury itself is such as to indicate that pain and mental anguish would ordinarily accompany it, the specific allegation is unnecessary." (Internal citations omitted; internal quotation marks omitted.) Moreover, the common usage definition of discomfort is "[distress], something that causes sorrow or distress: [grief, trouble, misfortune] . . . lack of comfort: uncomfortable condition: mental or physical uneasiness less intense and less localized than pain." Webster's Third New International Dictionary.
While the motion to amend is not specifically before this court at this time, this court cannot ignore that pleading and certainly one factor to be considered in addressing an amendment is fairness to the opposing party. See Farrell v. St. Vincent's Hospital, 203 Conn. 554, 561,525 A.2d 954 (1987). To preclude review was based upon the proposed amendment to the pleadings would deny the defendant its right to defend this case.
It may be that the records or the information will ultimately prove to be not relevant, or simply inadmissible. Nevertheless, to deny examination at this point based on this semantic change is inappropriate. The motion for the protective order is denied.
Berger, J.